**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 22-cv-01213-NYW-SKC

TEJAS COUSIK,
TARIN ALLEN,
JAKE DOUGLAS,
ALEJO GONZALEZ,
JEREMY HEDLUND,
ROBERT HELMICK,
PHILLIP LOPEZ,
TYSON MCCORMICK,
MARK ROSENTHAL,
BRIANNE SANCHEZ,
EMMA SMEDBERG,
JAMES WILLIAMS,
MARIAH WOOD, and
ABIGAIL ZINMAN,

      Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO,
PATRICK PHELAN, FORMER DPD COMMANDER,
CITY OF AURORA, COLORADO, and
AUSTIN RUNYON, AURORA POLICE OFFICER,

      Defendants.

---

## ORDER GRANTING MOTION TO AMEND

---

This matter is before the Court on Plaintiffs' Amended Motion for Leave to File Second Amended Complaint (the "Motion" or "Motion to Amend"). [Doc. 65]. Upon review of the Motion and the related briefing, the entire docket, and the applicable case law, the Motion to Amend is respectfully **GRANTED**.

## BACKGROUND

Plaintiffs—collectively, Tejas Cousik, Tarin Allen, Jake Douglas, Alejo Gonzalez, Jeremy

Hedlund, Robert Helmick, Phillip Lopez, Mark Rosenthal, Brianne Sanchez, Emma Smedberg, James Williams, Mariah Wood, and Abigail Zinman—initiated this civil rights action on May 17, 2022, [Doc. 1],[1] and filed a First Amended Complaint and Jury Demand (the "First Amended Complaint") as a matter of right on May 27, 2022. [Doc. 5]. The First Amended Complaint names four Defendants: the City and County of Denver, Colorado; Patrick Phelan, a former Denver Police Department Commander; the City of Aurora, Colorado; and Austin Runyon, an Aurora Police Officer. [*Id.* at 1].

In their First Amended Complaint, Plaintiffs allege that they each attended the summer 2020 protests in Denver, Colorado following the murder of George Floyd. *E.g.*, [*Id.* at ¶¶ 93, 162, 173, 182, 222, 280, 304, 316, 341, 353, 386]. They allege that officers from the Denver Police Department ("DPD"), the Aurora Police Department ("APD"),[2] and the Jefferson County Regional SWAT Team ("JCRS") "deployed constitutionally unlawful crowd control tactics, including kittling, indiscriminate and unwarned launching of tear gas and flashbangs into crowds and at individuals, and shooting projectiles at protestors" without lawful justification, [*id.* at ¶¶ 2, 4, 36, 369], which caused injuries to Plaintiffs. *E.g.*, [*id.* at ¶¶ 161, 165, 181, 221, 279, 303, 315, 340, 352, 379, 404]. More specifically, Plaintiffs allege that as a result of Defendants' conduct, they were denied their constitutional rights and suffered damages, "including but not limited to, mental and emotional distress, physical injuries and bodily harm, pain, fear, humiliation, embarrassment, discomfort, and anxiety." [*Id.* at ¶ 405].

---

[1] Plaintiffs McCormick and Williams were not originally named in the original Complaint. *See* [Doc. 1].

[2] Plaintiffs allege that the City and County of Denver "requested the assistance of other law enforcement agencies in responding to the protests," including the Aurora Police Department. [Doc. 5 at ¶ 31].

According to Plaintiffs, the City of Denver was responsible for enacting and enforcing the DPD's conduct, policies, and practices; the absence of policies and practices; and the hiring, retention, supervision, and training of DPD employees and agents. [*Id.* at ¶ 30]. Plaintiffs assert that the City of Denver also directed and was responsible for the actions of APD officers, [*id.* at ¶¶ 34-35], but maintained a policy to "allow [the APD] to follow [its] own policies, practices, and/or customs regarding the use of 'less-lethal' weapons and use of force during the protests." [*Id.* at ¶ 39]. In addition, Plaintiffs allege that Defendant Phelan, through delegation from the City of Denver, had final policymaking authority "over the protests and the police response to the protests," and was "in charge of coordinating the officers in the field and directed when and what kinds of force officers could use on protestors." [*Id.* at ¶ 29]; *see also* [*id.* at ¶ 35]. Plaintiffs assert that certain actions of DPD officers during the protests were "consistent with DPD policy." *E.g.*, [*id.* at ¶¶ 106, 126, 155].

As for the City of Aurora, Plaintiffs allege that it "failed to adequately train its officers in the use of 'less-lethal' weapons" and that its training "was outdated, insufficient, and inconsistent with generally accepted standards and practices." [*Id.* at ¶ 448]. They further assert that the City of Aurora failed to adopt policies on the circumstances under which certain "less-lethal" weapons may be used against civilians during protests or demonstrations. [*Id.* at ¶ 450]. Plaintiffs allege that certain actions of APD officers during the protests "were consistent with the policies, practices, and customs of" the City of Aurora. [*Id.* at ¶ 214]. Moreover, they allege that Plaintiff McCormick was intentionally shot in the head with a projectile by an APD officer who "is believed to be Defendant Austin Runyon." [*Id.* at ¶ 369].

Plaintiffs raise three claims against Defendants: (1) a First Amendment free-speech claim pursuant to 42 U.S.C. § 1983; (2) a Fourth Amendment excessive-force claim under § 1983; and

(3) a Fourteenth Amendment due-process claim under § 1983.  [*Id.* at 72-78].  The City of Denver and Defendant Phelan filed separate Answers to the Amended Complaint on July 18, 2022 and July 25, 2022, respectively.  [Doc. 35; Doc. 38].  On August 15, 2022, the City of Aurora and Officer Runyon (collectively, the "Aurora Defendants") filed Aurora Defendants' Motion to Dismiss, moving to dismiss Plaintiffs' claims in their entirety for failure to state a claim under Rule 12(b)(6).  [Doc. 51].  More specifically, the Aurora Defendants contend that Plaintiffs fail to state a claim because (1) they fail to allege Officer Runyon's personal participation in any constitutional violation; (2) Plaintiffs fail to allege a First Amendment violation with respect to Officer Runyon's conduct; (3) Plaintiffs do not allege that Officer Runyon intentionally applied excessive force to any Plaintiff for purposes of their Fourth and Fourteenth Amendment claims; (4) Officer Runyon is entitled to qualified immunity; (5) Plaintiffs do not allege an underlying constitutional violation for purposes of a municipal liability claim against the City of Aurora; and (6) Plaintiffs do not allege sufficient facts to establish a municipal policy, custom or practice of the City of Aurora.  *See generally* [*id.*].[3]

Plaintiffs filed this instant Motion to Amend on September 23, 2022.  [Doc. 65].[4]  The Aurora Defendants responded in opposition on October 19, 2022, arguing that leave to amend should not be granted because Plaintiffs' proposed amendments would be futile.  [Doc. 70 at  2].[5]

---

[3] The Motion to Dismiss has since been fully briefed.  [Doc. 63; Doc. 67].

[4] Plaintiffs first filed a separate motion to amend on September 14, 2022, [Doc. 60], and filed the amended Motion to Amend shortly thereafter in light of a court order entered in another case in this District:  *Epps v. City and County of Denver*, No. 20-cv-01878-RBJ [ECF No. 429].  *See* [Doc. 60 at 1 n.1].  A copy of that court order is docketed in this case at [Doc. 65-3].

[5] While Plaintiffs include the certificate of conferral required by Local Rule 7.1(a) as to the Aurora Defendants, they do not indicate in their Motion to Amend whether they conferred with the City of Denver or Defendant Phelan to obtain these Defendants' position on the Motion.  [Doc. 65 at 1].  The Local Rules require conferral with "any opposing counsel," not just those Defendants who have moved to dismiss the pleading.  D.C.COLO.LCivR 7.1(a). The Court notes that neither the

Plaintiffs replied on November 2, 2022. [Doc. 76]. This matter is thus ripe for resolution.

## LEGAL STANDARD

The deadline for joinder of parties and amendment of pleadings in this case was October 21, 2022. [Doc. 57 at 13]. If a party files a motion to amend prior to the expiration of this deadline, Rule 15(a) alone governs whether to grant the movant leave to amend. *See Fernandez v. Bridgestone/Firestone, Inc.*, 105 F. Supp. 2d 1194, 1195 (D. Colo. 2000). Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). Whether to allow amendment is within the trial court's discretion. *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996).

A proposed amendment is futile if the amended complaint would be subject to dismissal for any reason. *See Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001). "If a party opposes a motion to amend . . . on the grounds of futility, the court applies the same standard to its determination of the motion that governs a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Conkleton v. Zavaras*, No. 08-cv-02612-WYD-MEH, 2010 WL 6089079, at *3 (D. Colo. Oct. 6, 2010); *see also Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim.").

---

City of Denver nor Defendant Phelan have responded to the Motion to Amend; for this reason, the Court assumes they do not oppose the requested amendment.

## ANALYSIS

The sole basis of the Aurora Defendants' opposition to the Motion to Amend is futility of amendment. *See generally* [Doc. 70]. In their Proposed Amended Complaint, Plaintiffs seek to add additional allegations supporting their assertion that Officer Runyon was the officer who shot Plaintiff McCormick with a projectile, *see* [Doc. 65-2 at ¶¶ 368-73]; allegations providing additional detail to the City of Aurora's alleged failure to train, [*id.* at ¶¶ 450-59]; allegations further detailing the City of Aurora's alleged failure to promulgate adequate necessary policies, [*id.* at ¶¶ 463-70]; and the City of Aurora's purported ratification of APD officers' conduct, [*id.* at ¶¶ 474-83]; as well as the City's alleged notice of its deficient policies or procedures. [*Id.* at ¶¶ 485-90]. They do not seek to add any new parties or claims. [*Id.* at 1, 80-87].

"In some cases where a party is moving to amend a complaint, it makes sense to dive deeply into the potential merits of the amended claims; in other cases it does not." *Duong v. State Farm Mut. Auto. Ins. Co.*, No. 21-cv-02187-WJM-NRN, 2022 WL 1198947, at *2 (D. Colo. Feb. 18, 2022); *see also Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (noting that a futility argument raised in a motion to amend may "place the cart before the horse"). Where cases present complex issues of law or involve a voluminous number of factual allegations, the Court believes that the "better course is to liberally allow amendments that state a colorable claim and defer judgment as to whether they survive a motion to dismiss for failure to state a claim until such time when that motion is raised." *Romero v. Reams*, No. 18-cv-02575-RM-NRN, 2020 WL 6044323, at *5 (D. Colo. Oct. 13, 2020); *cf. Four Winds Interactive LLC v. 22 Miles, Inc.*, No. 16-cv-00704-MSK-STV, 2016 WL 9735783, at *2 (D. Colo. Oct. 31, 2016) (where the case involved "complicated issues of patent law," concluding that futility arguments "would be better and more efficiently

6

addressed after [the] amended complaint is in place and [the defendant] has had an opportunity to revise its motion to dismiss").

To be sure, "futility arguments often can and should be addressed in connection with a motion for leave to amend a complaint." *Goode v. Gaia, Inc*, No. 20-cv-00742-DDD-KLM, 2020 WL 7223458, at *5 (D. Colo. Dec. 8, 2020). But the circumstances of this case lead the Court to conclude that it is in the best interest of judicial economy to reserve a determination of the sufficiency of Plaintiffs' allegations for a Rule 12(b)(6) motion, should one be filed. *Fuller v. REGS, LLC*, No. 10-cv-01209-WJM-CBS, 2011 WL 1235688, at *3 (D. Colo. Mar. 31, 2011) ("In exercising its discretion under Rule 15(a), the court must also be guided by pragmatism and efficiency."). First, the Court is not convinced that the amendments in the proposed Second Amended Complaint would be "patently futile." *See Swanson v. N. Light Specialty Ins. Co.*, No. 20-cv-03778-RMR-NRN, 2022 WL 500294, at *5 (D. Colo. Feb. 18, 2022) (declining to consider futility argument where the proposed amendment was not "not patently futile on its face"). Moreover, the number of allegations asserted by the Plaintiffs are voluminous, and the case involves important issues of constitutional law, which renders consideration of the Parties' substantive arguments more appropriate for a fully briefed motion to dismiss. And finally, the Motion to Amend is not opposed by the City or Denver or Defendant Phelan, and the Court notes that the Aurora Defendants do not argue that they will be prejudiced if amendment is permitted, *see* [Doc. 70], which "weighs against denying leave to amend." *Galvan v. First Vehicle Servs., Inc.*, No. 19-cv-02143-PAB-KMT, 2020 WL 1166857, at *4 (D. Colo. Mar. 11, 2020); *Four Winds Interactive*, 2016 WL 9735783, at *2 ("Prejudice is the most important factor in considering whether a plaintiff should be permitted to amend a complaint."); *Stender v. Cardwell*, No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011) (declining to address futility

argument where there was no argument that prejudice would result from amendment).  In sum, this is a case in which the sufficiency of the allegations is best assessed in a Rule 12(b)(6) motion. As a result, the Court will **GRANT** the Motion to Amend, reserving analysis of the sufficiency of the Second Amended Complaint for a future motion, should one be filed.

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that:

(1)     Plaintiffs' Amended Motion for Leave to File Second Amended Complaint [Doc. 65] is **GRANTED**;

(2)     Plaintiffs **SHALL FILE** a clean copy of the proposed Second Amended Complaint and Jury Demand [Doc. 65-1] as a separate docket entry on or before **November 8, 2022**; and

(3)     The Aurora Defendants' Motion to Dismiss [Doc. 51] is **DENIED as moot**.[6]

DATED:  November 4, 2022                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

[6] "Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot." *Brumfiel v. U.S. Bank*, 2013 WL 12246738, at *1 (D. Colo. May 16, 2013).