IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01213-NYW-SKC

TEJAS COUSIK, et. al.,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, COLORADO, et. al.

    Defendants.

---

## DEFENDANT DENVER'S MOTION TO RESTRICT ACCESS TO CONFIDENTIAL SUMMARY JUDGMENT EXHIBITS

---

Defendant City and County of Denver, Colorado ("Denver"), by and through its undersigned counsel, hereby respectfully submits this Motion to Exceed Page Limit for Motion for Summary Judgment, as follows:

1. <u>Certificate of Conferral</u>: Prior to filing the instant Motion, counsel for Denver conferred with counsel for the Plaintiffs, Elizabeth Wang, Esq., pursuant to D.C.Colo.LCiv.R. 7.1(a). Ms. Wang indicated Plaintiffs oppose this Motion.

2. Contemporaneously with the filing of this Motion, Denver has filed a Motion for Summary Judgment. Attached to this Motion are four summary judgment exhibits which Denver asks this Court to maintain under Level 1 restrictions pursuant to D.C.Colo.LCiv.R. 7.2 with access to these documents limited to the parties and the Court.

3.    First, Exhibit H consists of a table concerning the injuries suffered by individual Denver Police Officers as a result of their response to the protests and related activities. Exhibit H contains protected health information as well as identifying information of specific police officers. The individual Denver Police Department ("DPD") officers who suffered the injuries and who are included in the chart have privacy and confidentiality interests in their protected health information pursuant to the Health Insurance Portability Act of 1996 and its implementing regulations as well as under Colorado law. The public has no interest in accessing the protected health information contained in these exhibits. Denver believes these exhibits provide important information for this Court in deciding the issues on summary judgment and that it should be part of the Denver summary judgment presentation as considered by this Court.

4.    In the conferral with counsel for the Plaintiffs, counsel opposed the restricted access of Exhibit H based on the conclusion the names of the officers did not need to be provided to this Court. However, counsel for Denver believes it is important for this Court to understand who was injured during the DPD response to the protests because some of those individuals are witnesses who provide testimony used in Denver's motion for summary judgment and many others would be witnessed at any trial held in this matter. Accordingly, this provides an appropriate context for this Court.

5.    Second, Exhibit O consists of DPD's Pepperball Operator Course, Exhibit P consists of DPD's 40mm Operator Course, and Exhibit Q consists of DPD's Chemical Agents: O.C. Pepperspray Operator Course. These course materials include information concerning police tactics, strategy and operations. Law enforcement, including the DPD, has legitimate interests in maintaining the confidentiality of police tactics, strategy and operations under the law enforcement

privilege. The law enforcement privilege recognizes the propriety of protecting the confidentiality of law enforcement methods and techniques. Denver respectfully submits the information in these three operator courses fall within the scope of the law enforcement privilege and it is not in the public interest for such information to be publicly disseminated. In addition, Denver believes this Court should be able to review these three operator courses in connection with Denver's summary judgment arguments.

6. In the conferral with counsel for the Plaintiffs, counsel opposed the restricted access of Exhibits O, P and Q because hey were introduced at trial in the ***Epps et. al. v. City and County of Denver et. al.*** litigation and therefore no longer can be considered confidential. Counsel for Denver agrees these were trial exhibits in ***Epps***. However, the trial exhibits in ***Epps*** were used during the trial only and were not uploaded in the ECF/CM system. Publicly filing these Exhibits in ECF/CM allows them to be downloaded and disseminated where use of these Exhibits in the trial did not. Accordingly, the restricted access requested by Denver of these Exhibits based on the law enforcement privilege is justified.

7. Counsel for Denver has carefully reviewed the exhibits filed with Denver's Motion for Summary Judgment and only asks this Court to restrict access to five of the exhibits for the reasons stated above. Counsel for Denver agrees with this Court's general philosophy the public has the right to know and understand the basis of this Court's decisions and restricted access should be narrowly and infrequently used. Counsel for Denver believes this Motion is consistent with that goal.

WHEREFORE, for all the foregoing reasons, Defendant City and County of Denver, Colorado, respectfully requests this Court grant this Motion and restrict access under Level 1

restrictions pursuant to D.C.Colo.LCiv.R. 7.2 for Exhibits G, H, O, P and Q attached to this Motion, and for all other and further relief as this Court deems just and appropriate.

Dated this 27th day of June 2023.

Respectfully submitted,

/s/ Andrew D. Ringel            .
Andrew D. Ringel, Esq.
Mark S. Ratner, Esq.
Katherine N. Hoffman, Esq.
Edmund M. Kennedy, Esq.
Robert A. Weiner, Esq.
Joshua M. Raaz, Esq.
Jeffrey D. Clarke, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, Colorado 80202
Tel: (303) 628-3300
Fax: (303) 628-3368
Email: ringela@hallevans.com
ratnerm@hallevans.com
hoffmank@hallevans.com
kennedye@hallevans.com
weinerr@hallevans.com
raazj@hallevans.com
clarkej@hallevans.com

**ATTORNEYS FOR DEFENDANT CITY AND COUNTY OF DENVER**

4

5

**CERTIFICATE OF SERVICE (CM/ECF)**

 I hereby certify that on this 27th day of June, 2023, a true and correct copy of the foregoing was filed by CM/ECF and was served on the following:

David M. Goddard, Esq.
dgoddard@brunolawyers.com

Elizabeth C. Wang, Esq.
elizabethw@loevy.com

Faisal A. Salahuddin, Esq.
fas@fas-law.com

Heather D. Kuhlman, Esq.
hkuhlman@brunolawyers.com

Michael T. Lowe, Esq.
mlowe@brunolawyers.com

Peter R. Morales, Esq.
pmorales@auroragov.org

Heidi J. Hugdahl, Esq.
hhugdahl@brunolawyers.com

Lauren J. Carbajal, Esq.
carbajal@loevy.com

Carla Agbiro, Esq.
agbiro@loevy.com

            /s/ *Nicole Marion*
            Nicole Marion, Legal Assistant
            Hall & Evans, LLC.