**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-CV-1213-NYW-KAS

TEJAS COUSIK, *et al.*,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER, *et al.*,

    Defendants.

---

**PLAINTIFFS' MOTIONS *IN LIMINE***

---

Plaintiffs respectfully file these motions *in limine*:

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C. Colo. LCivR 7.1(a), the undersigned counsel conferred with counsel for Defendant City and County of Denver regarding the relief sought herein. Defendant's position on each motion *in limine* is provided with each respective motion.

**MOTION *IN LIMINE* NO. 1 (OPPOSED)**

**Bar evidence regarding property destruction, criminal activity,
or injuries to officers not committed by Plaintiffs**

Plaintiffs move to bar all evidence regarding property destruction, criminal activity, or injuries to officers not committed by Plaintiffs. Defendant opposes this motion.

Defendant is expected to elicit testimony and present evidence from witnesses about general property destruction, criminal activity, and injuries to officers during the protests. *See, e.g.*, Ex. 1 (Denver Defs.' Rule 26(a)(1) Disclosures) at 4-6, 8-9, 11-14, 20,

22 (listing Sanchez, O'Donnell, Martinez, Parsons, Hohnholz, Woods, Moyski, Chavez, Lee, Murphy, unnamed employees of the Denver Sheriff Department, unnamed fleet operators from Denver's Department of Transportation and Infrastructure, and unnamed representatives from Denver Health and Hospital Authority as witnesses with alleged knowledge of various acts of property damage and officer injuries which have nothing to do with Plaintiffs whatsoever); Ex. 2 (Denver Defs.' Third Supp. Rule 26(a)(1) Disclosures) at 2-3 (listing Brake, Winkler, Awie, and the Gabanis as witnesses with alleged knowledge of acts of property damage that have nothing to do with Plaintiffs); Ex. 3 (Denver Defs.' Fifth Supp. Rule 26(a)(1) Disclosures) at 3-7 (listing Melius, Kwak, Cutter, Valdez, Odum, Monks, Friedman, "Cornelius," and "Elena" as witnesses with alleged knowledge of acts of property damage that have nothing to do with Plaintiffs).

For example, Defendant may elicit testimony from police officers that they were hit with rocks, their property (such as a police vehicle) was damaged, or that there was an incident where an individual (not any of the Plaintiffs) hit three officers with a car. *See, e.g.*, Ex. 4 (*Epps* Trial Tr.) at 381:21-384:19 (Cmdr. Sanchez testifying about damage to his car, officers hit by car, rocks thrown at him), 1035:16-21 (Ofc. Valentine testifying generally about rocks being thrown at him), 1320:22-1322:2 (Cmdr. Phelan testifying about Colorado State Patrol Troopers chasing and detaining a possible shooter at about 5:41 p.m. on May 28, 2020), 1331:13-25 (Cmdr. Phelan testifying about a report of shots fired on May 28, 2020 and a report of guns and other weapons being recovered from unknown and unidentified individuals), 1335:23-1336:4 (Cmdr. Phelan testifying about reports of dumpster fires at unidentified times/locations), 1337:19-1339:25 (Cmdr. Phelan

2

testifying about reports of window-breaking and property destruction and arrests for property destruction that were not committed by plaintiffs), 1352:3-1353:13 (Cmdr. Phelan reading a dispatch report for May 29, 2020 about reports of fires, property destruction and injured officers), 1353:19-1355:4 (more testimony from Phelan about property destruction), 2297:1-2298:8 (Lt. Pine testifying about injuries), 2429:16-2447:25 (Woods testimony about property damage, some of which was not even caused during the protests), 2658:5-2676:19 (Parsons testimony about officer injuries, some of which were injuries caused by DPD's own use of less-lethal weapons). Not only were these acts of property destruction and violence *not* committed by any Plaintiffs, but they did not even occur at the specific dates, times, or locations where Plaintiffs were protesting. Such evidence is inadmissible under Rules 402 and 403 because irrelevant, unduly prejudicial, and confusing and misleading to the jury, and in many instances under Rule 802 as hearsay. *See, e.g.*, Ex. 4 at 1417:6-23 (Phelan admitting that he did not know whether anyone actually threw rocks at 14th and Pennsylvania on May 30, 2020 or who did it, only that, according to the CAD report (radio communications transcribed into a dispatch report), someone reported it happened).

Similarly, Defendant's expert Eric Daigle, who is expected to testify at trial, spends much of his report discussing officer injuries, property destruction, and criminal activity during the protests, unrelated to Plaintiffs. *See, e.g.,* Ex. 5 (Daigle Report) ¶¶ 16 (describing unrelated individuals throwing things and attempting to "assault" officers), 21-23 (describing violent confrontations with unrelated individuals, as well as looting and other property damage), 25 (describing an unrelated individual throwing rocks with a

3

lacrosse stick at officers), 40 (describing violence at other protests nationwide), 43 (quoting officers describing the "dangers they faced" from unrelated violent individuals), 44 (describing unrelated individuals throwing things at officers, damaging property, and otherwise assaulting officers), 47 (quoting Cmdr. Phelan describing rock throwing and other violence), 50-51 (describing officer injuries, individuals attacking officers, and otherwise "aggressive" behavior by unrelated individuals). Plaintiffs move to bar all such evidence, specifically: any evidence of property destruction, criminal activity, or injuries to officers which were not committed by Plaintiffs. This evidence is inadmissible under Rules 402 and 403. Notably, Magistrate Judge Starnella ruled in favor of the plaintiff on a similar motion *in limine* in *Cruz v. City and Cty of Denver, et al.*, No. 21-cv-3388-KAS (D. Colo.). Ex. 6 (*Cruz* MIL rulings) at 26-30. Magistrate Judge Starnella ruled that the Denver Defendants could not present evidence of property destruction, criminal activity, or officer injuries, which the plaintiff was not responsible for, other than to provide specific and limited context regarding events at a specific location (where the plaintiff was actually present). *Id.* Magistrate Judge Starnella's ruling in *Cruz* is persuasive and should be followed by this Court.

Any argument or evidence on unrelated property destruction or other criminal activity—especially acts committed by *other*, unknown individuals, at *other* dates, times and/or locations—is irrelevant under Rule 402 and significantly prejudicial under Rule 403. There is no evidence that any of the Plaintiffs injured any officer or engaged in any

4

property destruction or other criminal activity[1] during the protests. To the contrary, Plaintiffs will testify that they committed no such acts, and Defendant has produced no evidence in this litigation indicating that any witness could or would testify otherwise. Plaintiffs will also testify that they did not witness any acts of violence or property destruction by protesters at the times, dates and locations where they were protesting. Plaintiffs must be judged based on their own actions, rather than the actions of others whose conduct has no bearing on their claims. *See Henderson v. City & Cnty. of Denver*, 2014 WL 222761, at *4 (D. Colo. Jan. 21, 2014) ("[T]he Tenth Circuit has held that an individual must be judged for his own actions, and not the actions of those around him."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1158 (10th Cir. 2008) ("The Fourth Amendment plainly requires probable cause to arrest Fogarty as an individual, not as a member of a large basket containing a few bad eggs."); *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 908 (1982) ("The right to associate does not lose all constitutional protection merely because some members of the group may have participated in conduct ... that itself is not protected."); *Jones v. Parmley*, 465 F.3d 46, 59 (2d Cir. 2006) (holding that officers could not have thought that indiscriminate arrests were lawful when "a few individuals within [a protesting] crowd had violated the law at an earlier time and then desisted"). If this highly prejudicial evidence were permitted, it would only confuse and mislead the jury by creating the unfair inference that Plaintiffs contributed to officer injuries

---

[1] The only violation of law committed by any of the Plaintiffs during the protests was, in a few instances, violation of the nighttime curfew imposed by Denver from May 30-June 5, 2020. Denver later dismissed all of the curfew charges.

or engaged in acts of violence. Such "evidence" would have no bearing on Defendant's use of force and the violation of Plaintiffs' First and Fourth Amendment rights.

Indeed, such "evidence" would be totally irrelevant. To succeed on their Fourth Amendment claim, Plaintiffs must prove that Defendants' use of force against them was unreasonable under the three-factor *Graham* test which looks at: 1) the severity of the crime at issue; 2) whether the individual poses an immediate threat to the safety of the officers or others; and 3) whether the individual is actively resisting arrest or attempting to evade arrest by flight. *Graham v. Connor*, 490 U.S. 386, 396 (1989). These factors look specifically to what the individual was doing and whether that individual's actions justified the use of force *not* whether someone else, at a different time and location (or even, at the same time and location), was, for example, throwing rocks or otherwise acting violently. *See, e.g., Jordan v. Jenkins*, 73 F.4th 1162, 1172 (10th Cir. 2023) (examining whether officers' use of force was excessive by assessing the behavior of the plaintiff); *Fogarty*, 523 F.3d 1147, 1160-61 (discussing actions of plaintiff, rather than the crowd, such as "kneeling on the steps of the bookstore" and "drumming intermittently and peacefully" when considering excessive force claim); *Buck v. City of Albuquerque*, 549 F.3d 1269, 1289-90 (10th Cir. 2008) (examining the actions of the individual plaintiffs, rather than the crowd of protesters, when considering excessive force claims).

Similarly, to prove their First Amendment claims, Plaintiffs must show: 1) they were engaged in constitutionally protected activity; 2) Defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and 3) Defendant's adverse action was substantially motivated as a

response to the plaintiff's exercise of constitutionally protected conduct. *Van Deelen v. Johnson*, 497 F.3d 1151, 1155-56 (10th Cir. 2007). There is no place in the First Amendment analysis for consideration of the actions of others. Because Plaintiffs' claims must be examined through the lens of their own individual actions, rather than the actions of others around them, evidence of unrelated property damage, criminal activity, or injury to officers, is wholly irrelevant. In seeking to admit evidence of other protesters' actions, Defendant would be using irrelevant and unfairly prejudicial evidence to attempt to justify the conduct of its officers or paint Plaintiffs in a bad light even though Plaintiffs had nothing to do with any officer injuries, property damage, or any other criminal activity.

WHEREFORE, Plaintiffs respectfully request that this Court bar any argument or evidence regarding property destruction, officer injuries, or criminal conduct not committed by Plaintiffs.

## MOTION *IN LIMINE* NO. 2 (UNOPPOSED)
### Bar undisclosed and untimely witnesses

Plaintiffs move to bar Defendant from presenting testimony from any undisclosed or untimely witnesses under Federal Rule of Civil Procedure 37 and Federal Rules of Evidence 402 and 403. Defendant does not oppose this motion unless the nondisclosure or late disclosure was substantially justified or harmless or the circumstances presented at trial warrant Defendant's ability to call a nondisclosed or late disclosed witness.

Rule 26 requires a party to provide other parties with "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may

7

use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1). Alongside that mandate, Rule 26 requires a party to supplement or amend its disclosures and discovery responses if it learns that the information disclosed or the response is "somehow incomplete or incorrect." *Aerotech Res. Inc. v. Dodson Aviation, Inc.*, 91 F. App'x 37, 44 (10th Cir. 2004) (citing Fed. R. Civ. P. 26(e)(1)). "To ensure compliance with these discovery requirements, Rule 37(c)(1) provides that '[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed.'" *Id.* at 45 (citing Fed. R. Civ. P. 37(c)(1)).

This case was filed on May 17, 2022. Fact discovery closed on April 14, 2023. Trial is set to begin on February 3, 2025. Any further witness disclosures at this time, absent a showing that the delay in disclosure was harmless, would prejudice Plaintiffs on the eve of trial. Plaintiffs would be unable to determine late disclosures' knowledge of the case and, if needed, depose them this close to trial.[2]

WHEREFORE, Plaintiffs respectfully request that this Court bar the use of undisclosed or untimely disclosed witnesses.

---

[2] The parties have not exchanged witness lists as of the date these motions were due. Thus, Plaintiffs do not have Defendants' proposed trial witness list yet. Once Plaintiffs receive Defendants' proposed trial witness list, they may seek to supplement this motion to reference specific untimely disclosed witnesses who should be barred (if any).

## MOTION *IN LIMINE* NO. 3 (OPPOSED)

### Bar any evidence or suggestion that Plaintiffs committed any act that warranted use of force against them

Plaintiffs move to bar Defendant's argument that Plaintiffs committed any act that warranted use of force against them. Defendant opposes this motion.

On June 29, 2022, Plaintiffs served the foregoing interrogatory on the Defendants:

> No. 3: Is it your position that any Plaintiff committed any unlawful act or an act that warranted the use of force on him/her/them during the Protests, including but not limited to the uses of force described in the operative Complaint? If so, please describe each alleged unlawful act or acts warranting the use of force that you contend was committed by that Plaintiff, and provide the complete factual basis for your contention, including identifying any witnesses, or physical, documentary, or testimonial evidence supporting your contention.

Ex. 7 (Denver Defs.' Resp. to Pl. Cousik's First Interrogs.) at 4-5 (No. 3). In response to this interrogatory, Defendants broadly objected to the request. *Id.* Since then, Defendants have never supplemented their response to this request. As a result, they should not be permitted to present evidence or testimony at trial on the matter, because they refused to provide an answer on the issue during discovery.

Rule 26(e) requires a party who makes a disclosure or responds to an interrogatory to supplement or correct its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…" Fed. R. Civ. P. 26(e). Defendants never supplemented their response to this interrogatory, which sought crucial information

9

about what evidence the Defendants have of any Plaintiff committing any act that warranted use of force on them or any unlawful act at all. "The penalty for failing to supplement is severe. Rule 37 provides that, if one 'fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence … at trial, unless the failure was substantially justified or is harmless.'" *Guidance Endodontics, LLC v. Dentsply Intern., Inc.*, 2009 WL 3672495, at *2 (D.N.M. Sept. 29, 2009) (quoting Rule 37(c)(1)); *see also Sonrisa Holding, LLC v. Circle K Stores, Inc.*, 835 F. App'x 334, 343 (10th Cir. 2020) (citing *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017)). Defendants should therefore not be permitted to make these arguments or introduce any evidence on this matter at trial.

WHEREFORE, Plaintiffs respectfully request that this Court bar any argument or evidence that any Plaintiff's actions warranted use of force against them.

## MOTION IN LIMINE NO. 4 (UNOPPOSED)

**Bar reference to any Plaintiffs' criminal history or any prior/other bad acts, including any references to gangs**

Plaintiffs move to bar Defendant's introduction of any Plaintiff's prior criminal history or any prior/other bad acts because this evidence is inadmissible. Defendant does not oppose this motion unless Plaintiffs open the door to such evidence.

First, Rule 609 governs the admissibility of prior convictions for impeachment purposes. A plaintiff's criminal history has no relevance to their excessive force claims. *See Cox v. Wilson*, 2016 WL 6803702, at *2 (D. Colo. Nov. 17, 2016). Prior criminal

10

history would lend little to a jury's determination of any Plaintiff's credibility as a witness in this case, while instead being "inherently and significantly prejudicial," in this matter. *Id.*

Second, Plaintiffs move to bar introduction of any Plaintiff's prior criminal history as character evidence and "prior bad acts" under Federal Rules of Evidence 402, 403, and 404. This includes all references to and testimony about any Plaintiff's prior arrests or charges. *See, e.g.*, Ex. 8 (Helmick Dep.) at 11:15-12:14; Ex. 9 (Zinman Dep.) at 21:10-11, 21:15-20, 21:12-14; Ex. 10 (Allen Dep.) at 15:17-18, 15:18-20, 15:25; Ex. 11 (Hedlund Dep.) at 17:6-14, 21:3-14, 21:21-24, 22:23-23:3, 23:23-24:2, 24:6-15; Ex. 12 (McCormick Dep.) at 39:16-40:11, 40:12-43:11; Ex. 13 (Lopez Dep.) at 17:11-12, 18:13-20, 19:8-18, 20:1-25:9, 25:21-26:15, 27:5-8, 195:5-8; Ex. 14 (Smedberg Dep.) at 23:23-24:3, 24:11-25. This evidence is irrelevant and inadmissible under Rule 402. Defendant cannot attempt to introduce this evidence in an effort to argue that a Plaintiff's criminal history demonstrates disrespect and disregard for the law or law enforcement. FED. R. EVID. 404(b)(1). Even if this evidence was admissible, its probative value is substantially outweighed by the unfair prejudice that would result if presented to the jury. FED. R. EVID. 403.

Third, Plaintiffs move to bar any reference to gangs or possible gang affiliation. Ex. 13 (Lopez Dep.) at 195:9-15 Any references to gang affiliation are irrelevant and inadmissible under Rule 402 and would cause unfair prejudice under Rule 403. All such references should be barred. It is indisputable that "juries are 'likely to associate gangs with criminal activity and deviant behavior, such that the admission of gang evidence raises the specter of guilt by association or a verdict influenced by emotion.'" *United*

*States v. Hill*, 786 F.3d 1254, 1277 (10th Cir. 2015) (McHugh, J., concurring) (quoting *United States v. Santiago*, 643 F.3d 1007, 1011 (7th Cir. 2011)). Courts have recognized "'the insidious quality' of evidence of gang membership as well as 'the damage it can do.'" *Finley v. Lindsay*, 1999 WL 608706, at *1-*2 (N.D. Ill. Aug. 5, 1999), citing *United States v. Sargent*, 98 F.3d 325, 328 (7th Cir. 1996). Because there is a "substantial risk of unfair prejudice attached to gang affiliation evidence," courts must closely scrutinize its admissibility. *United States v. Irvin*, 87 F.3d 860, 864-67 (7th Cir. 1996) (citing a substantial "danger of unfair prejudice" in that "[g]angs generally arouse negative connotations and often invoke images of criminal activity and deviant behavior. There is therefore always the possibility that a jury will attach a propensity for committing crimes to [witnesses] who are affiliated with gangs or that a jury's negative feelings towards gangs will influence its verdict. Guilt by association is a genuine concern whenever gang evidence is admitted.").

Based on this reasoning, courts, including courts in this Circuit, frequently bar references to gangs in § 1983 cases such as this one. *See Al-Turki v. Robinson*, 2015 WL 6464411, at *10 (D. Colo. 2015) ("[T]he aliases or gang affiliations of Plaintiff's witnesses are irrelevant and inadmissible under Rule 402"); Ex. 6 at 32 (granting plaintiff's motion *in limine* to bar references to prior bad acts and gangs)

WHEREFORE, Plaintiffs respectfully request that this Court bar any reference to any Plaintiff's criminal history or gang affiliation.

**MOTION IN LIMINE NO. 5 (OPPOSED)**

**Bar any argument or evidence that being in public after curfew alone was justification for using force**

Plaintiffs move to bar Defendant's introduction of any argument or evidence that merely being in public after the curfew justified use of force against them. Defendant opposes this motion and states that its position is that it does not intend to argue any Plaintiff's violation of the curfew alone justified any use of force, but Defendant does intend to argue that the violation of the curfew is one of the factors the jury must consider in evaluating whether any specific use of force was reasonable.

While any Plaintiff's violation of the curfew would have given officers probable cause to arrest them (for violating the curfew), the curfew violation alone did not justify use of force on any Plaintiff. Thus, any argument suggesting that Defendant (or its officers) were justified in shooting any Plaintiff simply for being out after curfew would be improper. The Court will instruct the jury on the factors to consider when determining whether the use of force is reasonable under the Fourth Amendment. Although violation of the curfew was a violation of the law, and severity of any crime committed is a factor to be considered under the totality of the circumstances under *Graham*, that minor violation of the law alone could not have justified shooting Plaintiffs with less-lethal weapons. *Graham*, 490 U.S. at 396; *Perea v. Baca*, 817 F.3d 1198, 1203 (10th Cir. 20160 (stating that "[a] minor offense—at most support[s] the use of minimal force"); *Casey v. City of Federal Heights*, 509 F.3d 1278, 1281 (10th Cir. 2007) (explaining that a misdemeanor committed in a "particularly harmless manner … reduces the level of force that [is] reasonable for [an officer] to use"); *Fisher v. City of Las Cruces*, 584 F.3d 888, 895 (10th

13

Cir. 2009) (noting that detainee's commission of a petty misdemeanor weighed in favor of using minimal, if any, force); *see also Alsaada v. City of Columbus*, 536 F. Supp. 3d 216, 266 (S.D. Ohio 2021) ("While a legally punishable offense, failure to disperse is a minor infraction that justifies raised voices, not raised weapons. … That CPD felt the need to clear the streets might be legitimate. But in the absence of an actual exigency, these traffic concerns cannot legitimize the application of force when it is not otherwise justified."). Magistrate Judge Starnella ruled in favor of the plaintiff on this same issue in *Cruz*. Ex. 6 at 31-32. That decision is persuasive and should be followed by this Court.

WHEREFORE, Plaintiffs respectfully request that this Court bar any argument or evidence that merely being in public after curfew was justification for any use of force.

### MOTION *IN LIMINE* NO. 6 (UNOPPOSED)

### Bar arguments appealing to jurors' pecuniary interests as taxpayers

Plaintiffs move to bar Defendant from making arguments appealing to jurors' pecuniary interests as taxpayers. Defendant does not oppose this motion.

Arguments that appeal to jurors' pecuniary interests as taxpayers are improper. *See, e.g.*, *Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 429 (7th Cir. 2008) (declaring the following argument improper: "The city is not a random amorphous entity. It's you. We're talking about tax dollars here."); *see United States v. Morris*, 573 F. App'x 712, 725 (10th Cir. 2014) (noting remarks invoking the pecuniary interests of jurors as taxpayers are generally improper). All such arguments that appeal to the jurors as taxpayers should be barred under Rules 402 and 403.

14

WHEREFORE, Plaintiffs respectfully request that this Court bar any arguments appealing to jurors' pecuniary interests as taxpayers.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motions *in limine*.

Respectfully submitted,

s/ Jordan Poole

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Suite 460
Boulder, CO 80302
(720) 328-5642
elizabethw@loevy.com
*Counsel for Plaintiffs*

Lauren Carbajal
Jordan Poole
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900
carbajal@loevy.com
poole@loevy.com

## CERTIFICATE OF SERVICE

I, Jordan Poole, an attorney, hereby certify that on October 2, 2024, I served the foregoing Motions via the Court's CM/ECF system which effected service on all counsel of record.

s/ Jordan Poole
One of Plaintiffs' Attorneys

15