IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01213-NYW-KAS

TEJAS COUSIK, *et al.*

      Plaintiffs

      v.

CITY AND COUNTY OF DENVER,

      Defendant.

---

**FINAL PRETRIAL ORDER**

---

### 1. DATE AND APPEARANCES

A Final Pretrial Conference was held on November 13, 2024, at 10:00 a.m.

For Plaintiffs Tejas Cousik, Tarin Allen, Jake Douglas, Alejo Gonzalez, Jeremy Hedlund, Robert Helmick, Phillip Lopez, Tyson McCormick, Brianne Sanchez, Emma Smedberg, James Williams, Mariah Wood, Abigail Zinman:

    Elizabeth Wang, Loevy & Loevy, 2060 Broadway, Ste. 460, Boulder, CO 80302, 720.328.5642, elizabethw@loevy.com;

    Lauren Carbajal and Jordan Poole, Loevy & Loevy, 311 N. Aberdeen St., Chicago, IL 60607, 312.243.5900, carbajal@loevy.com, poole@loevy.com

For Plaintiff James Williams:

    Faisal Salahuddin, Nestor Legal LLC, 4535 Raleigh St., Denver, CO 80212, 303.974.1084 x1, faisal@nestorlawyers.com

For Defendant City and County of Denver:

Andrew D. Ringel, Robert A. Weiner, and Jeffrey Clarke, Hall & Evans, LLC, 1001 17th Street, Suite 300, Denver, CO 80202, 303-628-3300;

## 2. JURISDICTION

This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331.

## 3. CLAIMS AND DEFENSES

**Plaintiffs' claims pursuant to 42 U.S.C. § 1983 are as follows:**

**First Amendment retaliation claim against the Defendant City and County of Denver based on official policy:** Plaintiffs allege that Denver's policies of not requiring use-of-force reports and not requiring officers to activate their BWCs during protests were the moving force behind the violation of their First Amendment rights. Plaintiffs Zinman, Cousik, Smedberg, Wood, and Douglas also allege that the final policymaker for the protests (Incident Commander Phelan) subjected them to kettling on May 31, 2020. Plaintiff Williams also alleges that Incident Commander Phelan subjected him to tear gas at the intersection of Colfax and Lincoln on May 28, 2020.

**Fourth Amendment excessive force claim against the Defendant City and County of Denver based on official policy:** Plaintiffs allege that Denver's policies of not requiring use-of-force reports and not requiring officers to activate their BWCs during protests were the moving force behind the violation of their Fourth Amendment rights. Plaintiffs Zinman, Cousik, Smedberg, Wood, and Douglas also allege that the final policymaker for the protests (Incident Commander Phelan) subjected them to kettling on May 31, 2020. Plaintiff Williams also alleges that Incident Commander Phelan subjected him to tear gas at the intersection of Colfax and Lincoln on May 28, 2020.

**Defendant Denver's defenses are as follows:**

Denver denies any Denver policy or any decision made by Incident Commander Patrick Phelan violated any of the Plaintiffs' constitutional rights. Instead, the decisions made by Commander Phelan and the decisions made by individuals with the Denver Police Department were reasonable and appropriate under the totality of the circumstances faced in responding to what was occurring in Downtown Denver. Denver asserts the following defenses:

1. Plaintiffs fail to state a claim upon which relief may be granted, in whole or in part.

2. Commander Phelan and the DPD officers who were involved in the actions related to Plaintiffs acted in accordance with all constitutional obligations and without any intent to cause any of the Plaintiffs harm.

3. Plaintiffs' damages, if any, were proximately caused by their own conduct and not by reason of any unconstitutional conduct legally attributable to Denver.

4. Plaintiffs failed to mitigate their damages.

5. Denver's policies were at all relevant times in conformance with established law and no Denver policy caused any violation of any of the Plaintiffs' constitutional rights.

## 4. STIPULATIONS

Plaintiffs and Defendant, through their attorneys, hereby stipulate as follows:

1. The date/time stamps reflected in Denver police officers' body-worn camera (BWC) video is Greenwich Mean Time, which is six (6) hours ahead of Mountain Time.

2. The date/time stamps reflected in Aurora police officers' body-worn camera

(BWC) video is Mountain Time.

3. The body-worn camera (BWC) video produced in this litigation have a buffering mode. The BWC continuously loops a video recording for up to 30 seconds before the recording is started by the officer. While buffering, video only (no audio) is being recorded.

4. For the body-worn camera (BWC) videos produced by Denver, the last name of the officer is indicated in the filename for the video.

5. Time stamps on HALO camera and AirOne video reflect Mountain Time zone.

## 5. PENDING MOTIONS

Plaintiffs' Motion to Preclude Defendant City and County of Denver from Relitigating Failure to Train. Dkt. 259.

Plaintiffs' Motions *In Limine*. Dkt. 262.

Defendant's Motion *In Limine*. Dkt. 261.

## 6. WITNESSES

a. List the nonexpert witnesses to be called by each party. List separately:

**Plaintiffs:**

See attached Plaintiffs' Witness List. In addition to the witnesses listed on Plaintiffs' Witness List, Plaintiffs reserve the right to call (1) any witness listed, subpoenaed or called by any other party, to the extent Plaintiffs' objections thereto (if any) are overruled; (2) any witness necessary for rebuttal or impeachment; and (3) any witness necessary to authenticate, lay foundation, or otherwise admit any exhibit.

4

Plaintiffs may present the testimony of Vincent Porter via his video deposition, because he moved out of state and is outside of the 100-mile subpoena range. The parties have met and conferred on the deposition designations and the parties' deposition designation chart and highlighted transcript for Vincent Porter is being emailed to the Court per the Trial Preparation Order.

**Defendant:**

See attached Defendant's Witness List.  In addition, Defendant reserves the right to call any witness listed, subpoenaed or called by Plaintiffs, any witness necessary for rebuttal or impeachment, and any witness needed to authenticate, lay foundation, or otherwise admit any exhibit.  Defendant also will request the opportunity to exceed the scope of the Plaintiffs' direct examination for witnesses listed by both parties pursuant to Fed. R. Evid. 611(b) to avoid witnesses having to be called more than once as much as possible.

Defendant does not anticipate calling any witness by deposition but provided cross-designations for the deposition testimony endorsed by the Plaintifffs.

 b.    List the expert witnesses to be called by each party.  List separately:

**Plaintiffs:**

See attached Plaintiffs' Witness List.

**Defendant:**

See attached Defendant's Witness List.

## 7.  EXHIBITS

See attached Joint Exhibit List. The parties are providing two external hard drives

to the Court containing the exhibits, which will be delivered via courier by November 6, 2024.[1]

Copies of listed exhibits must be provided to opposing counsel no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

Counsel for the parties have agreed to provide more specific designations for video evidence to be presented at trial by designating the specific video to be used as an exhibit with appropriate cameras identified, when applicable, and with appropriate time frames identified, if the video listed as an exhibit is of substantial length. The parties agree to provide such updated designations for the video evidence no later than January 24, 2025. Counsel for the parties will confer about any issues raised concerning the video evidence following the additional designations and will also determine if additional stipulations are appropriate.

## 8.  DISCOVERY

Discovery has been completed.

## 9.  SPECIAL ISSUES

The parties believe the submission of a jury questionnaire to be completed in advance of jury selection is warranted and appropriate in this matter. A proposed jury questionnaire is being submitted to the Court. The parties' voir dire will be filed and

---

[1] The only exhibits which will not be on the hard drives are Exs. 515 and 522, which are demonstrative exhibits that have not yet been created.

emailed to the Court per the Trial Preparation Order.

## 10. SETTLEMENT

a. Plaintiffs gave Defendant a written settlement demand on March 22, 2024, which expired on April 19, 2024. Defendant never responded to that demand. Counsel for the Defendant communicated the Plaintiffs' settlement demands to appropriate representatives of Denver. No response was provided because the nature of the settlement demands have not represented a realistic settlement value from Denver's perspective. If Denver becomes interested in pursuing settlement discussions, counsel or the Defendant will notify counsel for the Plaintiffs.

b. The parties have had no previous settlement conference. Plaintiffs submitted a written demand to Defendant in March 2024 which was never responded to.

c. There have been no offers of settlement.

d. Counsel for the parties do not presently intend to hold future settlement conferences.

e. It appears from the discussion by all counsel that there is little possibility of settlement.

f. Counsel for the parties considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11. OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against

whom claims are made in this case.

### 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

### 13.  TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1. Trial is to the jury.

2. Trial has been scheduled to commence on February 3, 2025, for fourteen (14) calendar days.

3. Situs of trial is Denver, Colorado.

DATED this __14th__ day of November, 2024.

BY THE COURT

_____
Nina Y. Wang
United States District Judge

APPROVED:

s/ Elizabeth Wang
  Elizabeth Wang
  LOEVY & LOEVY
  2060 Broadway, Suite 460
  Boulder, CO 80302

  Lauren Carbajal
  Jordan Poole
  LOEVY & LOEVY
  311 N. Aberdeen St., 3rd Floor

8

(720) 328-5642  
elizabethw@loevy.com  
*Counsel for Plaintiffs*

Chicago, IL 60607  
(312) 243-5900  
carbajal@loevy.com  
poole@loevy.com

s/ Andrew D. Ringel  
Andrew D. Ringel  
Robert A. Weiner  
Jeffrey D. Clarke  
HALL & EVANS, L.L.C.  
1001 17th Street, Suite 300  
Denver, Colorado 80202  
(303) 628-3300  
ringela@hallevans.com  
weinerr@hallevans.com  
*Counsel for Defendant*

## Certificate of Service

I, Elizabeth Wang, certify that on November 5, 2024, I filed the foregoing via CM/ECF, thereby serving an electronic copy on all counsel of record.

s/ Elizabeth Wang

9